IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No: 5:16-cv-287

COLOR MASTERS PAINTING, INC. and
ZEBULON Z. HADLEY, IV,

      Plaintiffs,

v.

BALBOA CAPITAL CORPORATION,

      Defendant,

and

BALBOA CAPITAL CORPORATION,

      Counterclaimant,

v.

COLOR MASTERS PAINTING, INC. and
ZEBULON Z. HADLEY, IV,

      Counterclaim Defendants.

## PROTECTIVE ORDER BY CONSENT

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon motion of all parties, through counsel, for a Protective Order as to certain information to be provided in this action, it is hereby ordered that:

1. (a) Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of the party providing such discovery (the "producing party") contains any (i) trade secret, (ii) any confidential research, design or development information, (iii) sensitive personal information, or (iv) sensitive commercial information for an operating business may be designated by the producing party as "Confidential Information."

(b) Except as otherwise provided by this Protective Order, Confidential Information designated as such in accordance with this Order may be disclosed or made available only to persons specified in paragraphs 3 and 4 herein.

(c) Confidential Information designated as such may include, without limitation: (i) all documents, and all extracts from and summaries thereof, that contain or reflect Confidential Information; (ii) deposition testimony and the portions of deposition transcripts and exhibits that contain or reflect Confidential Information; and (iii) the portions of briefs, memoranda, or other writings filed with the Court and exhibits thereto that contain or reflect Confidential Information.

(d) Confidential Information that is made available to a non-producing party pursuant to this Protective Order shall be received by counsel for the non-producing parties who may distribute to experts upon the expert's agreement to be bound by the terms of this Order, the non-producing parties, the insurers and/or claims representative entities of the non-producing parties, and their agents and employees, and said persons and entities shall thereafter safeguard and retain custody and/or control of all documents and things that contain, embody or reflect the producing party's Confidential Information.

2. Confidential Information as defined in paragraph 1(a) above may be designated by the producing party as subject to this Protective Order as follows:

(a) With respect to documents or copies provided by one party to the other, by marking the initial page with the legend "CONFIDENTIAL"

(b) With respect to all documents and things provided by the producing party for inspection by its counsel, the marking with the legend "CONFIDENTIAL" need not be done until copies of the documents or things are produced after inspection and selection by inspecting

counsel. Making documents or things available for inspection by such counsel shall not constitute a waiver of any claim of confidentiality. In lieu of marking the original of a document which contains Confidential Information, counsel for the producing party may in writing designate such documents as containing Confidential Information, thereby making them subject to this Order, however, in the event inspecting counsel requests, or previously has requested, copies of any such documents, such copies must be marked "CONFIDENTIAL" by the producing party, in order to make such copies subject to this Order.

      (c) Testimony or information disclosed at a deposition may also be designated by a producing party as Confidential Information by either indicating on the record at the deposition the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Order or by designating, in writing, within 30 days following receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Confidential. Each producing party shall attach a copy of such written designation to the face of the transcript and each copy thereof in its possession, custody or control.

Notwithstanding the foregoing, if any person who is not qualified to receive Confidential Information under paragraphs 3 and 4 herein attends a deposition at which such Confidential Information may be disclosed, then in such event the producing party must designate the specific testimony or information containing Confidential Information by indicating on the record at the deposition that such Confidential Information is subject to the provisions of this Order. The producing party shall have the right to exclude such persons from the deposition during the period any Confidential Information is disclosed or discussed unless they agree to be bound by

the terms of this Order by executing the agreed upon "Confidentiality and Nondisclosure Agreement" attached to this Order as Exhibit "A".

      (d)    In the case of interrogatories and responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the court, information contained therein may be designated Confidential Information by prominently marking such paper "CONFIDENTIAL."

    3.    Except as otherwise provided by this Protective Order, Confidential Information shall not be made available to, or be disclosed to, any person except:

      (a)    the Court, which includes judges and jurors, those in attendance at trial or any hearing, and associated judicial officers and personnel (and the mediator(s) designated by the Court and/or the parties);

      (b)    counsel and personnel of counsel to the non-producing parties;

      (c)    the non-producing parties;

      (d)    service contractors (such as outside photocopy or imaging services);

      (e)    certified court reporters taking testimony involving Confidential Information and their support personnel;

      (f)    independent experts and their support personnel, in accordance with the provisions of paragraph 4 of this Protective Order;

      (g)    such other persons as the producing party of the Confidential Information may consent to in writing; and

      (h)    third-parties shown on the face of such documents to be senders or recipients of the document.

4. (a) Confidential Information may be disclosed to independent experts who are retained by the Court and/or by one or more of the parties to this action to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with either party.

(b) Upon disclosure of Confidential Information to such independent experts, counsel for the non-producing party shall inform the expert that the information is subject to this Protective Order, shall inform the expert that such information is not to be disclosed except for purposes of this litigation, shall use their best efforts to prevent the information from being disclosed by said expert, and shall use their best efforts to require all information, subject to this Protective Order, is returned by said expert to counsel for the producing party in accordance with paragraph 14 of this Protective Order.

5. In the event that counsel for a party deems it necessary to disclose any Confidential Information of a producing party to any person not specified in paragraph 3 herein as qualified to receive such information or not covered by paragraph 4 herein, said counsel shall notify counsel for producing party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

6. If any document or thing containing or embodying Confidential Information is filed with the Court, it should be filed under seal available only to the Court and to persons authorized by the terms of this Protective Order. The parties shall comply with Local Civil Rule 79.2 with respect to filing documents under seal.

7. Nothing in this Protective Order shall prevent a party from discovering documents or Confidential Information or from using any such Confidential Information at trial, during a hearing, or on appeal, subject to the Federal Rules of Evidence and Federal Rules of Civil Procedure.

8. Confidential Information obtained from a producing party pursuant to pretrial discovery in this action may be used and disclosed only for purposes of this action. No party or person shall make any other use of any such Confidential Information except as permitted by Order of the Court.

9. (a) The restrictions set forth in this Protective Order shall not apply to Confidential Information that:

    (i) is lawfully acquired by the non-producing party from a non-party having the right to disclose such information, or

    (ii) was lawfully possessed by the non-producing party prior to the entry of this Order.

(b) Should a dispute arise as to whether any specific Confidential Information is within paragraph 9(a) of this Protective Order;

    (i) the parties shall try first to dispose of such dispute in good faith on an informal basis;

    (ii) if the dispute cannot be resolved on an informal basis, the party asserting that such Confidential Information was, is or has become publicly known or was lawfully acquired or was lawfully possessed by such a party may seek appropriate relief from this Court.

10. Nothing in this Protective Order shall be construed as an agreement or admission: (a) that any information, document or like designated as Confidential Information is in fact confidential; or (b) with respect to the competency, relevance, admissibility or materiality of any such information, document or the like.

11. A party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same.

12. The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of any inadvertently disclosed Confidential Information.

13. Nothing in the Protective Order shall prevent disclosure of Confidential Information beyond the terms of this Order if the producing party of Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

14. (a) Within sixty (60) days after a final judgment from which no appeal has or can be taken, all Confidential Information designated as such, and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of the non-producing party;

except counsel for the producing party, counsel for the non-producing party, and the insurers and/or claims representative entities of the producing and/or non-producing parties may retrain copies of such documents, etc. provided all documents, objects and other materials produced or designated as Confidential Information shall remain subject to the conditions of this Order.

      (b)    Insofar as the provisions of this and any other Protective Order entered in this action restrict the communication and use of information produced there under, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or further Order of the Court with respect to dissolution or modification of any such Protective Order.

      (c)    Confidential Information that is used during a hearing, trial, and/or appeal does not become part of the public domain. Rather, the protections of paragraph 8 of this Order shall continue to apply thereto. After such hearing, trial, or appeal, or at the conclusion of this litigation, the producing party and/or non-producing party may work with the Clerk of Court to seal any exhibit or other evidence containing Confidential Information under the provisions of paragraph 6 of this Order.

15. Neither the entry of this Protective Order nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

16. If a party in other litigation, another court or an administrative agency, including but not limited to, the North Carolina State Bar or any of its agencies or components, issues a discovery request, a subpoena or process or order for the production of any Confidential Information that a party has obtained under the terms of this Protective Order, such party shall promptly notify the producing party of the pendency of such discovery request, subpoena or

Order, shall furnish the producing party with a copy of said discovery request, subpoena or order, and shall cooperate with respect to any procedure sought to be pursued by the producing party. The person or party receiving the discovery request, subpoena, process or order shall be entitled to comply with it except to the extent the producing party is successful in obtaining an order modifying or quashing it.

17. This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

18. Notices under this Protective Order shall be to the parties as follows, unless this paragraph 17 is modified by the parties in writing and filed with this Court: notice to Plaintiffs shall be to T. Cullen Stafford of Wyrick Robbins Yates & Ponton LLP and notice to Defendant shall be to Morgan H. Rogers of Parker Poe Adams & Bernstein, LLP, at their respective addresses of record filed with the Court for this civil action.

19. Should additional parties be added to this action after the date of entry of this Order, they or their counsel of record may file with the Court, and serve upon the other counsel of record, a statement that they agree to be bound by the terms of this Order. In such event, said parties shall be allowed to avail themselves to the protections of this Order, and the other parties shall treat their designations of Confidential Information as provided for in the terms of this Order, with all of the rights, obligations, and remedies contained herein.

20. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to it as the Court may from time to time deem appropriate.

Dated: February 28, 2017

_____
Robert T. Numbers, II
United States Magistrate Judge

CONSENTED AND AGREED TO:


/s/ T. Cullen Stafford
T. Cullen Stafford
N.C. State Bar No. 48872
Wyrick Robbins Yates & Ponton LLP
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865
Email: cstafford@wyrick.com
*Attorney for Plaintiffs*


/s/ Morgan H. Rogers
Morgan H. Rogers
N.C. State Bar No. 37025
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center, Suite 3000
401 South Tryon Street
Charlotte, North Carolina 28202
Telephone: 704.372.9000
Facsimile: 704.334.4706
Email: morganrogers@parkerpoe.com
*Attorney for Defendant Balboa Capital Corporation*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No: 5:16-cv-287

COLOR MASTERS PAINTING, INC. and
ZEBULON Z. HADLEY, IV,

      Plaintiffs,
v.

BALBOA CAPITAL CORPORATION,

      Defendant,

and

BALBOA CAPITAL CORPORATION,

      Counterclaimant,
v.

COLOR MASTERS PAINTING, INC. and
ZEBULON Z. HADLEY, IV,

      Counterclaim Defendants.

## CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT

Under penalty of perjury, I, _____, declare that:

1.     My address is _____.

2.     My present employer and the address of my present employer is set forth below:

_____

_____

3.     My present occupation or job description is: _____

_____

_____

4. I have been requested to assist _____ in the preparation and conduct of this action and have received a copy of the Protective Order by Consent.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will not copy or use any CONFIDENTIAL information which is disclosed to me except as may be necessary to assist counsel or to testify as an expert witness in this action.

8. I will return all CONFIDENTIAL information which comes into my possession at the conclusion of the litigation and/or I will provide a sworn certificate of destruction of such information.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order, and consent to personal jurisdiction for such purposes. I agree that this Court is the exclusive forum for addressing any matter related to the Protective Order or CONFIDENTIAL information I may receive.

10. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    By: _____